**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**FEB 23 2000**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

GREGORY L. DANIEL,

      Petitioner-Appellant,

v.

WYOMING DEPARTMENT OF
CORRECTIONS STATE
PENITENTIARY WARDEN, in his
official capacity, aka James Ferguson;
WYOMING ATTORNEY GENERAL,
in his official capacity,

      Respondents-Appellees.

No. 99-8082
(D.C. No. 97-CV-183-D)
(D. Wyo.)

**ORDER AND JUDGMENT**[*]

Before **SEYMOUR,** Chief Judge, **EBEL** and **BRISCOE**, Circuit Judges.

Petitioner-Appellant Gregory L. Daniel ("Daniel") was convicted by a jury

in Wyoming state court of two counts of immodest, immoral, or indecent acts with

a minor and was sentenced to seven-and-a-half to nine years for each count, to be

---

[*]After examining appellant's brief and the appellate record, this panel has
determined unanimously that oral argument would not materially assist the
determination of this appeal. See Fed. R. App. P. 34(a)(2) and 10th Cir. R.
34.1(G). The case is therefore ordered submitted without oral argument. This
Order and Judgment is not binding precedent, except under the doctrines of law of
the case, res judicata, and collateral estoppel. The court generally disfavors the
citation of orders and judgments; nevertheless, an order and judgment may be
cited under the terms and conditions of 10th Cir. R. 36.3.

served consecutively. Daniel filed a pro se petition for a writ of habeas corpus under 28 U.S.C. § 2254 on July 23, 1997. In his petition, Daniel argued that his constitutional rights were violated from (1) the court's failure to allow Daniel to cross-examine an expert about an unrelated sexual assault case; (2) the court's failure to follow, with respect to allegations concerning AH and KJ, Wyoming's procedures for admitting evidence under Federal Rule of Evidence 404(b); (3) the court's exclusion of the testimony of KeK and KaK after the jury had learned of allegations that those children had accused Daniel of molestation; (4) prosecutorial misconduct; (5) cumulative evidentiary error; (6) the court's failure to allow Daniel to present certain expert testimony; and (7) the admission of testimony regarding Daniel's refusal to submit to a second interview. The district court denied Daniel's habeas petition on August 19, 1999.

Because Daniel filed his § 2254 petition on July 23, 1997, more than one year after the effective date of the Antiterrorism and Effective Death Penalty Act ("AEDPA"), 28 U.S.C.A. §§ 2254-66 (1996), the AEDPA provision requiring a certificate of appealability applies to Daniel's appeal. Although the district court did not act on the issue of a certificate of appealability, the certificate of appealability is deemed denied by the district court pursuant to this court's General Order of October 1, 1996. See Tenth Circuit Emergency General Order

issued October 1, 1996. On November 30, 1999, the district court denied Daniel's request to proceed in forma pauperis under 28 U.S.C. § 1915.

Daniel now applies to this court for a certificate of appealability and asks us to address his petition. He also appeals the order denying him in forma pauperis status.

A certificate of appealability may issue only if the applicant has made a substantial showing of the denial of a constitutional right. See 28 U.S.C. § 2253(c)(2). After reviewing Daniel's application for a certificate of appealability, his briefs to this court and the district court, and the record, we find no substantial showing of the denial of a constitutional right. Nothing in Daniel's brief or the record suggests that the limitations placed on Daniel's cross-examination of Dr. Bell, in reference to an unrelated sexual assault case, rose to the level of a constitutional violation. Similarly, nothing in Daniel's brief or the record suggests that the state court's evidentiary rulings with respect to the allegations concerning AH and KJ, who never testified at trial, rendered his trial so fundamentally unfair as to constitute a denial of his federal constitutional rights. See Duvall v. Reynolds, 139 F.3d 768, 789 (10th Cir. 1997). There is also nothing to show how the exclusion of the testimony of KeK and KaK infringed on Daniel's constitutional right to a fair trial or his right to confrontation. The allegation of prosecutorial misconduct lacks specificity, and therefore amounts to

a conclusory argument that cannot suffice to demonstrate a violation of Daniel's constitutional right to a fair trial.  Daniel's cumulative evidentiary error argument and his argument regarding the exclusion of certain expert testimony, like his argument concerning the court's evidentiary rulings with respect to AH and KJ, presents no legal or factual support to show that the alleged errors rendered his trial so fundamentally unfair as to constitute a denial of his federal constitutional rights.  Finally, there is nothing in Daniel's brief or the record that shows us the content or context of the testimony regarding Daniel's failure to submit to a second interview, or that demonstrates that the testimony violated Daniel's Fifth Amendment rights.

Our review of the record demonstrates that the district court's analysis of the issues was correct, and that Daniel has failed has to make a substantial showing that he was denied a constitutional right.  Accordingly, we DENY Daniel's application for a certificate of appealability and DISMISS this appeal. We also DENY his motion to proceed in forma pauperis.

The mandate shall issue forthwith.

ENTERED FOR THE COURT


David M. Ebel
Circuit Judge

- 4 -